**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 14-2857

—————————

STEFANO KINIROPOULOS,

Appellant

v.

NORTHAMPTON COUNTY CHILD WELFARE SERVICE

—————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-11-cv-06593)
District Judge: Honorable Lawrence F. Stengel

—————————

Submitted under Third Circuit LAR 34.1(a)
on January 15, 2015

Before: AMBRO, FUENTES and ROTH, Circuit Judges

(Opinion filed: April 1, 2015)

—————————

OPINION[*]

—————————

ROTH, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stefano Kiniropoulos appeals the District Court's dismissal of his claims relating to Northampton County Child Welfare Service's (Northampton) termination of him as a caseworker. Kiniropoulos asserted claims for violations of the Americans with Disabilities Act,[1] Pennsylvania Human Rights Act,[2] Title VII of the Federal Civil Rights Act,[3] Family and Medical Leave Act,[4] and his procedural due process rights.[5] For the reasons that follow, we will affirm the District Court's partial grant of Northampton's motion for dismissal and grant of Northampton's motion for summary judgment.

## I.

In October 2005, Kiniropoulos began working for Northampton as a caseworker. On or about May 20, 2010, Kiniropoulos informed his immediate supervisor, Rachel Schienholz, that he had sustained a leg injury and would be unable to work that day or the following Monday. After he reported to work that Monday and Tuesday, he told Schienholz that he was having difficulty working and would not be able to attend three court hearings scheduled for Wednesday, May 26. Kiniropoulos was told that he could be provided transportation to the hearings, but he declined assistance.

On May 27, Kiniropoulos began a scheduled vacation. When he returned from vacation, he contacted Gary Ruschman, Schienholz's boss, to request FMLA leave due to his leg injury. The next day, June 11, Ruschman informed Kiniropoulos that while he was on vacation, Ruschman and Schienholz had uncovered infractions and misconduct

[1] 42 U.S.C. § 12101.
[2] 43 Pa. Const. Stat. Ann. § 951 *et seq.*
[3] 42 U.S.C. § 2000e *et seq.*
[4] 29 U.S.C. § 2601 *et seq.*
[5] 42 U.S.C. § 1983.

2

relating to Kiniropoulos's cases. Northampton then suspended him without pay on June 14. In October 2010, Kiniropoulos was terminated.

On November 23, 2010, Kiniropoulos filed Charges of Discrimination with the EEOC and PHRC, and was subsequently issued a right to sue letter from the EEOC. Kiniropoulos initiated this action in the U.S. District Court for the Eastern District of Pennsylvania on October 21, 2011. After Northampton moved to dismiss, the District Court dismissed the ADA, PHRA, and Title VII claims with prejudice, and the FMLA and due process claims without prejudice. On January 24, 2013, Kiniropoulos filed an amended complaint with respect to the FMLA and due process claims.

During discovery, the following additional facts were revealed. At the June 11, 2010 meeting, Ruschman told Kiniropoulos that there was a problem with his work behavior and that Ruschman and Schienholz wanted to explore these issues at a meeting scheduled for June 14. Kiniropoulos did not attend this meeting but his union representative attended on his behalf. After the June 14, meeting, Northampton advised Kiniropoulos that he was suspended without pay pending a further investigation and that he had the right to appeal through the Civil Service Commission or union grievance procedure. Kiniropoulos then filed an appeal with the Civil Service Commission.

On September 21, 2010, Northampton summarized its specific findings of misconduct, including that Kiniropoulos falsified mileage records and time reports. Kiniropoulos responded to the charges in a September 27, 2010, letter. After Kiniropoulos was terminated on October 18, 2010, he appealed the decision to the Civil Service Commission, which concluded that his suspension and termination were for

3

cause and were unrelated to his request for FMLA leave.  The Pennsylvania Commonwealth Court upheld that decision.

## II.

Kiniropoulos appeals the District Court's partial grant of Northampton's motion to dismiss on the ADA and PHRA claims and grant of summary judgment in favor of Northampton on the due process claim.  We exercise plenary review over a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6),[6] and grant of summary judgment under Rule 56.[7]

The District Court held that Kiniropoulos did not adequately plead a claim under the ADA or PHRA.[8]  Under the ADA, employers are prohibited from discriminating "against a qualified individual on the basis of disability in regard to job applications procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[9]  A "qualified individual" is defined as a person "who, with or without reasonable accommodation, can perform the essential functions of the employment position."[10]

Here, Kiniropoulos claims that he could perform the essential functions of his job with a reasonable accommodation.  But his allegations foreclose that conclusion.  Specifically, Kiniropoulos alleges that he informed his supervisor on May 20, 2010, that

---

[6] *See Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006).

[7] *See Montone v. City of Jersey City*, 709 F.3d 181, 189 (3d Cir. 2013).

[8] Because "our analysis of an ADA claim applies equally to a PHRA claim," we will confine our discussion to the elements of an ADA claim.  *See Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).

[9] 42 U.S.C. § 12112(a).

[10] *Id.* § 12111(8); *see Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998).

he could not work due to the injury. On May 25, he told his supervisor that he would not be able to attend three court hearings scheduled the next day. He also emailed Northampton on June 2, regarding his inability to work. Accepting these allegations as true, as we must on a Rule 12(b)(6) motion,[11] Kiniropoulos fails to adequately plead that he could perform the essential functions of his position. Furthermore, Kiniropoulos was not entitled to a reasonable accommodation because he alleges that he was "regarded as" having an impairment, not that he had such an impairment.[12] Thus, the District Court properly dismissed the ADA and PHRA claims.

We also agree with the District Court's conclusion that Northampton was entitled to summary judgment on the due process claim. Due process generally requires that a public employee receive notice and an opportunity to be heard prior to being deprived of his or her property interest in employment.[13] Kiniropoulos was afforded both notice and an opportunity to be heard before being suspended without pay on June 14, 2010. Kiniropoulos acknowledges that Ruschman told him there was a problem regarding his work ethic, time sheet documentation, and theft of mileage. He also acknowledges that he was invited to attend the June 14 meeting but decided not to attend. Moreover, despite Kiniropoulos's contention, Northampton's refusal to allow him to bring legal counsel

---

[11] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997).

[12] *See* 42 U.S.C. § 12201(h) ("A covered entity . . . need not provide a reasonable accommodation . . . to an individual who meets the definition of disability in section 12102(1) of this title solely under subparagraph (C) of such section[, which defines a 'disability' as 'being regarded as having such an impairment']."); *see also Powers v. USF Holland, Inc.*, 667 F.3d 815, 823 n.7 (7th Cir. 2011) ("[A]n individual 'regarded as' disabled (as opposed to actually disabled) is not entitled to a 'reasonable accommodation.'").

[13] *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

does not render the pre-suspension hearing inadequate. Due process only requires that counsel be present when an individual risks losing his liberty if he loses the litigation.[14] There was no such risk here. Accordingly, we conclude that Kiniropoulos was afforded due process related to his suspension without pay.

## III.

For the foregoing reasons, we will affirm the District Court's partial grant of Northampton's motion for dismissal and grant of Northampton's motion for summary judgment.

---

[14] *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981).